BILLINGS SLATE & MARBLE CO. *v.* SAMUEL E.. HANGER.

*An immaterial special verdict should be stricken out by the: court.*

1. Where the jury return, with their general verdict, a special verdict, with-- out direction of the court, which is immaterial to the issue, such spe- cial verdict should be stricken out by the court and judgment rendered upon the general verdict. ˙

2. The plaintiff brought suit for that the defendant had maintained his dam, higher by sixteen inches than of right he ought. The defendant con- tended that the dam had been kept at this height for many years by the· use of flash boards; and the issue of fact was whether these flash boards had been a temporary appliance or a permanent part of the dam.. This question was properly submitted to the jury, who returned a gen- eral verdict for the plaintiff to recover nominal damages, and also of their own motion this special verdict: " And the jury further find that. the defendant shall remove the obstructions upon the apron of the Hanger dam, so-called, within ten days from date; that the defendant is entitled to maintain upon the upper part of said apron a removable· plank, or flash board, not to exceed three inches in thickness or six-- teen inches in height, and of sufficient length to extend across said apron." *Held*, that the special was not inconsistent with the general verdict, and that the special verdict should be struck out and the plain- tiff have judgment.

This was an action on the case for back flowage. The plain- tiff elected, to go to trial upon the second count only of his· declaration. Plea, the general issue; trial by jury, at the March Term, 1888, Ross, J., presiding.

The mill of the defendant was situated just below that of the. plaintiff. The Hydeville Company had originally owned and used both mills and both parties derived their title from that company ; the defendant, by conveyances executed October 30th, 1871, and January 1st, 1874, and the plaintiff, by a levy of exe- cution, made August 12th, 1876. The defendant claimed the right to maintain his dam at the height complained of for the reason that when the Hydeville Company conveyed to his grant- ors the dam was, and for a long time had been, of that height,

whereby he acquired the right to so keep and use it as against the mill of the plaintiff, which the Hydeville Company then owned. The plaintiff contended that the dam never had been maintained at this height as a permanent structure until 1881, when certain timbers about sixteen inches thick had been fastened to the top of the dam and kept there, and this was the raising of the dam complained of ; that previous to this time the owners of defendant's mill had, in dry seasons, placed flash boards across the top of the dam, consisting of planks about three inches thick, projecting about sixteen inches above the top of the dam proper, which was of stone, but that these flash boards were merely a temporary expedient and no part of the permanent structure. The question of fact for the jury was, therefore, whether these flash boards had been maintained in such a manner as to constitute a permanent part of the dam, and this question was submitted by the court in a manner not excepted to by either party, with instructions to return a general verdict. The jury, after considerable disagreement, returned the following verdict for the plaintiff:

"In this cause the jury on their oath say the defendant is guilty in manner and form as the plaintiff in his declaration hath alleged ; they therefore find for the plaintiff to recover of the defendant one cent damages and its costs."

"And the jury further find that the defendant shall remove the obstructions upon the apron of the Hanger dam, so-called, within ten days from date; that the defendant is entitled to maintain upon the upper part of said apron a removable plank, or flash board, not to exceed three inches in thickness or sixteen inches in height, and of sufficient length to extend across said apron."

Thereupon the plaintiff moved to strike out the latter part of said verdict, and the defendant to set aside the entire verdict. The court, as a matter of law, denied both motions, to which both parties excepted.

*J. C. Baker* and *R. C. Abell*, for the defendant.

The jury evidently intended to decide that the defendant had a right to maintain a plank flash board three inches thick across the entire dam, of the height of the timbers ; that by putting the timbers there, in place of the plank, he had been guilty of a technical wrong, for which they gave nominal damages. The substantial question was, therefore, found for the defendant, and the defendant should either have judgment on this verdict or a new trial.

It is of no consequence that the jury was not required to return a special verdict in this respect. The whole finding of the jury must be given effect. R. L. s. 996 ; Proffatt Jury Trial, s. 435 ; Bacon's Abr. Verdict D ; 1 Chitty Crim. Law, 643 ; *Hogle* v. *Clark*, 46 Vt. 418 ; 2 Thompson Trials, s. 2669 ; *Spaulding* v. *Robbins*, 42 Vt. 90 ; 2 Graham & Waterman New Trials, 1417 ; Proffatt Jury Trials, s. 439.

It would be clearly unjust to strike out one part of the verdict and leave the other. 3 Graham & Waterman, 1378.

*Bromley & Clark* and *H. A. Harman*, for the plaintiff.

The general verdict was complete in itself. The special verdict made a finding and administered a remedy, which was without the province of the jury, hence it should be disregarded. *P. C. & St. L. Ry. Co.* v. *Adams*, 105 Ind. 151 (160).

Supreme and County Courts have power to correct any manifest error in a verdict. No judgment can be rendered on this special verdict, and it should be stricken out. *Warren* v. *Henshaw*, 2 Aik. 141 ; *Davis* v. *Hoy*, 2 Aik. 303 ; *Foster* v. *Caldwell*, 18 Vt. 176 ; *Jolly* v. *Single*, 16 Wis. 280.

The opinion of the court was delivered by

TYLER, J. The plaintiff, in the second count of its declaration, upon which only it relies, alleges that the defendant was guilty of a wrongful act in maintaining certain timbers upon the lower dam, whereby the water of the stream was raised about sixteen inches and caused to flow back upon the waterwheel of the plaintiff at its mill so as to prevent the working of the same in its business of sawing marble. The defendant claimed

Billings Slate & Marble Co. *v.* Hanger.

that he had a right permanently to maintain the dam at the height to which the timbers raised it ; that this right was a servitude impressed upon the property by the Hydeville Company when it was the owner of both the water privileges upon the stream, and that the defendant derived the right from that company by means of the conveyances mentioned in the exceptions.

It was conceded by the plaintiff that while the Hydeville Company was the owner of all this property it placed a flash-board on the top of the waterway, but the plaintiff's evidence tended to show that this was a mere temporary obstruction to the flow of the water, and was kept upon the waterway only in times of low water, while the defendant's evidence tended to show that it became a part of the dam itself, a permanent obstruction at all times to the flow of the stream.    Therefore, the question for the jury was whether this flash-board thus placed on the dam by the Hydeville Company was a removable and temporary appliance, used for ponding the water when the stream was low, or a permanent addition to the dam and passed to the defendant as an apparent and continuous servitude.

The jury found by their general verdict of guilty that the flash-board was designed and used by the Hydeville Company as a temporary and not a permanent structure.  Their special finding, " that the defendant is entitled to maintain upon the upper part of said apron a removable plank or flash-board not to exceed three inches in thickness or sixteen inches in height and of sufficient length to extend across said apron," is consistent with their general verdict.    Both the first and second clauses of the special finding indicate that it was the judgment of the jury that the defendant was only entitled to maintain a removable plank upon the waterway.    Their order, contained in the first clause, that he should remove the timbers that he had placed upon the dam within ten days from date, is, of course, a nullity.

To avoid any question that might hereafter arise as to the effect of the judgment entered upon the verdict as rendered, the judgment is *pro forma* reversed and judgment directed for the plaintiff upon the general verdict of guilty.